UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

SHERRI PHIPPS,  :
 :
        Plaintiff,  :   HONORABLE JOSEPH E. IRENAS
 :   CIV. ACTION NO. 11-820 (JEI)
  v.  :
 :   **OPINION**
ST. FRANCIS HOSPITAL, INC.,  :
 :
        Defendant.  :

**APPEARANCES:**

HUDSON & CASTLE LAW, LLC
By: Ben T. Castle, Esq.
    Bruce L. Hudson, Esq.
2 Mill Road, Suite 202
Wilmington, Delaware 19806
        Counsel for Plaintiff

MORRIS JAMES LLP
By: Dennis D. Ferri, Esq.
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
        Counsel for Defendant

**IRENAS**, Senior District Judge:

    In this diversity negligence suit[1], Plaintiff Sherri Phipps asserts that "agents" of Defendant, St. Francis Hospital, Inc., fractured her neck while "moving her from a gurney to her hospital bed" (Compl. ¶ 4). The hospital moves to dismiss the Complaint based on Plaintiff's failure to file an affidavit of merit pursuant to 18 Del. C. § 6853 (hereafter the "Affidavit of

---

[1] The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Pennsylvania. Defendant is a citizen of Delaware. The amount in controversy is alleged to exceed $75,000.

Merit statute"). The Court concludes that this type of negligence claim is not encompassed by the Affidavit of Merit statute, therefore the Motion will be denied.[2]

## I.

The Complaint contains five paragraphs-- two of which identify the parties, and one which states the statutory basis for this Court's subject matter jurisdiction. Thus only two paragraphs contain the factual allegations directly relevant to the merits of this dispute. They read, in their entirety:

> 4. Defendant, acting through its agents, servants and employees including nursing and patient attendant personnel, committed common law

---

[2] In opposition to the Motion, Plaintiff also argues that Delaware's affidavit of merit requirement is procedural, not substantive, and therefore does not apply in diversity suits brought in federal court. *See generally Erie v. Tompkins,* 304 U.S. 64 (1938). In light of the Court's holding, it need not reach the issue. However, the Court notes that the Third Circuit and many Delaware district courts have implicitly assumed that the affidavit of merit statute is applicable in diversity suits. *See, e.g., Woods v. First Corr. Med., Inc.,* 2011 U.S. App. LEXIS 17377 (3d Cir. Aug. 18, 2011); *Hartman v. Corr. Med. Servs.*, 366 F. App'x 453 (3d Cir. 2010); *Davis v. Corr. Med. Servs.*, 760 F. Supp. 2d 469 (D. Del. 2011); *Turner v. Kastre*, 741 F. Supp. 2d 578 (D. Del. 2010); *Diaz v. Carroll*, 570 F. Supp. 2d 571 (D. Del. 2008). Additionally, the Third Circuit has explicitly held that the affidavit of merit requirements under both Pennsylvania and New Jersey law are substantive law and therefore apply in diversity suits. *See Liggon-Redding v. Estate of Sugarman,* -- F.3d --, 2011 WL 4552470 at *6 (3d Cir. Oct. 4, 2011) ("we conclude that Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law under the *Erie* Rule and must be applied as such by federal courts."); *Chamberlain v. Giampapa*, 210 F.3d 154, 157 (3d Cir. 2000) (holding that "the New Jersey affidavit of merit statute . . . must be applied by federal courts sitting in diversity.").

        negligence when it deviated from acceptable standards of care in violation of 18 Del. C. Chap. 68, in that they caused a fracture of the cervical vertebrae at levels C2-C3 by striking Plaintiff's head against a hard surface while moving her from a gurney to her hospital bed on or about September 20, 2009.

5. As a direct and proximate result of Defendant's negligence, Plaintiff sustained a fracture of her neck, endured surgeries, loss of motion and sensation, partial paralysis of her right arm and hands [sic], pain and suffering, some or all of which is permanent in nature.

(Compl. ¶ 4-5)

As noted previously, the Defendant hospital moves to dismiss based on Plaintiff's failure to file an affidavit of merit.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted

3

inferences, or unsupported conclusions. *Id.* The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Id.* at 230. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.

Delaware's Affidavit of Merit statute provides, in relevant part, "[n]o healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by: [a]n affidavit of merit . . . stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant." 18 Del. C. § 6853(a)(1).

The statute defines "health care" [sic] as "any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider[3] for, to or on behalf of a patient during the patient's medical care, treatment or confinement." 18 Del. C. § 6801(4). "Medical negligence" is defined as "any tort or breach of contract based

---

[3] "'Health care provider' means a person, corporation, facility or institution licensed by this State . . . to provide health care or professional services or any officers, employees or agents thereof acting within the scope of their employment." 18 Del. C. § 6801(5). Defendant admits that it is a health care provider under the statute.

4

on health care or professional services rendered, or which should have been rendered, by a health care provider to a patient.  The standard of skill and care required of every health care provider in rendering professional services or health care to a patient shall be that degree of skill and care ordinarily employed in the same or similar field of medicine as defendant, and the use of reasonable care and diligence." 18 Del. C. § 6801(7).

In *Fassett v. Christiana Care Health Services, Inc.*, the Superior Court of Delaware applied these definitions to hold that the "garden variety tort claim" asserted by the plaintiff was not subject to the affidavit of merit requirement.  2010 Del. Super. LEXIS 251 at *5, *8 (Del. Super. Ct. June 17, 2010).  The plaintiff asserted that he was injured "by an unknown employee" of the defendant hospital who negligently pushed the plaintiff's wheelchair in a manner that caused the plaintiff's "right leg [to] bec[o]me caught between the floor and the wheelchair." *Id.* at *1.  The Court explained that the suit was not a "health care negligence lawsuit" asserting "medical negligence" because the claim was not based on the "rendering of (or failure to render) professional services [or health care] to a patient." *Id.* at *7-8.  The court observed, "[t]he [Act] repeatedly manifests that it applies only to negligence in the treatment of patients . . . [and requires that] negligence must be proven by 'expert medical testimony,'" *id.,* and then noted that the suit before it was "a far cry from a medical error committed during the treatment of a

5

patient." *Id.* at *8.

The instant suit is analogous to *Fassett*. Here Plaintiff asserts that "nursing and patient attendant personnel" (Compl. ¶ 4) caused a fracture in her neck by negligently striking her head on a hard surface while transferring her from a gurney to a bed. Just as the *Fassett* court held that the alleged negligent operation of a wheelchair was not medical negligence as defined by the affidavit of merit statute, this Court concludes that the alleged negligent transfer of Plaintiff from a gurney to a hospital bed is not medical negligence under the statute. It does not appear at this stage of the case that Plaintiff will need expert testimony to establish a breach of the standard of care or causation. As in *Fassett*, this claim is merely a garden variety tort claim in which a factfinder may find a departure from the ordinary standard of care and causation without the assistance of an expert. *Cf. Dishmon v. Fucci*, -- Del. --, 2011 Del. LEXIS 601 at *5 (Del. Nov. 10, 2011) ("The purpose of 18 Del. C. § 6853 is to require that expert testimony be presented to allege a deviation from the applicable standard of care. The General Assembly enacted this provision to reduce the filing of meritless medical negligence claims.") (internal citations and quotations omitted).[4]

---

[4] While the Complaint does assert in conclusory fashion that the suit is a "medical malpractice action pursuant to 18 Del. C. Chap. 68" (Compl. ¶ 1) the Court's analysis does not focus on conclusory legal statements but rather the factual allegations of

Accordingly, the Court holds that the Affidavit of Merit statute does not apply to this suit, therefore Defendant's Motion to Dismiss will be denied.

**IV.**

For the above-stated reasons, Defendant's Motion to Dismiss will be denied. The Court will issue an appropriate Order.

Date: November 16, 2011

                                         s/ Joseph E. Irenas
                                         JOSEPH E. IRENAS, S.U.S.D.J.

---

the Complaint. *See Iqbal*, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") (discussing *Twombly,* 550 U.S. at 555).